UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Corry Jonas and Kevin Badillo, *on behalf of themselves and all others similarly situated,*<br><br>*Plaintiffs*,<br><br>-against-<br><br>Advance Stores Company, Incorporated,<br><br>*Defendant*. | Case No.<br><br>**RULE 23 CLASS ACTION <u>COMPLAINT</u>**<br><br>**Jury Trial Demanded** |

Plaintiffs Corry Jonas and Kevin Badillo, on behalf of themselves and all others similarly situated bring this action against Defendant Advance Stores Company, Incorporated ("Defendant" or "Advance Auto Parts") as follows:

1. Plaintiffs and the proposed class worked as team members, drivers, key holders, retail parts pros (also known as "retail managers"), commercial managers, assistant managers, and closing managers ("Manual Workers") for Advance Auto Parts stores located throughout the State of New York, performing almost entirely physical labor, and being paid bi-weekly..

2. When Plaintiff Jonas began his employment with Defendant at an Advance Auto Parts store located at the corner of Bedford Avenue and Atlantic (the location has since been closed), he took issue with the bi-weekly pay on principle, and because he believed it was possibly in violation of New York Labor Law. Jonas and other manual workers need to be paid weekly to keep up with day-to-day expenses such as transportation costs and groceries and other expenses, and in order to obtain the full value of their services by receiving wages as due.

3. Jonas spoke up, requesting that he be paid weekly to the general manager, Satti, and in the process he was advocating on his behalf and those of his coworkers. Defendant did not correct the payment of his and his coworkers' wages to weekly.

1

## THE PARTIES

4. Corry Jonas is an adult individual who is a resident of Kings County, in the State of New York.

5. Kevin Badillo is an adult individual who is a resident of Nassau County, in the State of New York.

6. Defendant is a foreign business corporation organized and existing under the laws of Virginia.

7. Defendant's principal executive office is located at 5008 Airport Road, Roanoke, Virginia 24018.

8. Defendant was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiffs and all other similarly situated employees.

9. Defendant has maintained control, oversight, and direction over Plaintiffs and all other similar employees, including timekeeping, payroll, and other employment practices that applied to them.

10. Defendant applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to frequency of payment of wages.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiffs and the members of the proposed class are citizens of states different from that of Defendant.

12. This court also has diversity jurisdiction over this action pursuant to 28

U.S.C.A. § 1332(a)(1) and (c)(1). There is complete diversity of citizenship between the opposing parties since the Plaintiffs reside in New York State and are citizens of that state. While Defendant Advance Auto Parts is a citizen of Virginia with its principal place of business located at 5008 Airport Road, Roanoke, Virginia 24018, pursuant to § 1332(c)(1).

13. There are over 100 members in the proposed class.

14. Defendant is subject to personal jurisdiction in New York as it does business in New York.

15. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## FACTS

**Defendant's Store Structure and Organization**

16. Advance Auto Parts operates approximately 4,727 store locations in North America, had just under $11 billion in annual revenue in 2021, and employs 68,000 people. Advance Auto Parts has over 100 store locations in New York State alone.

17. Each Advance Auto Parts store includes the employees working in the following roles and/or holding the below titles, all of whom perform physical tasks and are paid hourly (except where noted), on a bi-weekly basis except Store Managers.

18. A Team Member is an entry level workers who are paid the lowest hourly rates;

19. A Driver is an entry level worker who delivers auto parts to stores and commercial customers.

20. A Key Holder is a trusted team member who may be paid slightly higher and perform the same physical tasks, but who also have store keys for opening and closing stores,

3

and who have access to the store safes.

21. A Retail Parts Pro also known as a Retail Manager is in charge of ordering retail parts to be sold in Advance Auto Parts stores; usually the employee most knowledgeable about cars, the employee you might go to if you had a specific question about car parts, such as the compatibility of after-market or generic parts in your vehicle.

22. Store Managers are salaried and generally do not spend most of their time doing physical tasks.

23. Some Advance Auto Parts stores may also include employees with the below titles, employees in these roles also perform physical tasks and are paid hourly on a bi-weekly basis:

24. Commercial Accounts Manager which is an employee in charge of ordering parts directly to outside shops and mechanics, but who is also expected to interact with retail customers and perform physical tasks including lifting auto parts. Plaintiff Badillo, including in July 2017 was working at the Hempstead Store, and at the time, that store employed another individual as a commercial accounts manager, but there was not always an individual working as a Commercial Accounts Manager at stores where Plaintiffs worked.

25. Closing Manager which is an employee dedicated or specifically assigned to help close stores, including performing general cleaning around store closing time.

**Plaintiff's Roles / Titles Working at Advance Auto Parts**

26. Plaintiff Corry Jonas started working for Advance Auto Parts as a Retail Parts Pro in March 2018, at the store located at the corner of Bedford and Atlantic Avenue in Brooklyn, NY, a location that has since been closed.

27. In November 2021, he became an assistant manager making approximately $20 per hour.

28. Plaintiff Jonas worked as the Assistant Manager at the store located at 1146 Grand Avenue, Baldwin, New York 11550 for two weeks. After an issue with the general manager at the Baldwin location, Plaintiff Jonas was moved to a variety of Defendant's other store locations as needed including at 832 Granville Payne Ave, Brooklyn, NY 11207, 12311 Rockaway Blvd, South Ozone Park, NY 12311and at 2 Jericho Turnpike, Floral Park, NY 11001. Since November 2021, Plaintiff Jonas has been working at an Advance Auto Parts store located 4365 Austin Blvd, Island Park Park, NY 11558.

29. Plaintiff Kevin Badillo started working for Advance Auto Parts on or about June 3, 2016 as a driver delivering to various Advance Auto Parts locations in Nassau County, NY.

30. From around September 2016 he worked as a Driver based at Defendant's store location at 67 Fulton Ave, Hempstead, New York 11550

31. Around July 2017, Plaintiff Badillo was transferred the Island Park Store located at 4365 Austin Blvd, Island Park, NY 11558.

32. Around August 2017, Plaintiff Badillo started working as Commercial Manager at the Island Park store.

33. Around September 2021 he went part-time and became a Closing Manager.

**Plaintiffs' Performance In Each Role / Title**

34. As a Retail Parts Pro Plaintiff Jonas's duties consisted of: lifting auto parts packages up to 100 pounds and installing batteries for customers in addition to ordering auto parts, rearranging store shelves to match planograms.

35. As Assistant Manager, Plaintiff Jonas performed all of the above duties he performed as Retail Parts Pro in addition to acting as management support for the stores general manager, including acting as an escalation point for customers and overseeing other employees

5

when the general manager was not present.

36. As Driver, Plaintiff Badillo duties consisted of loading, unloading, and delivering auto parts and merchandise to Advance Auto Parts stores and commercial customers as well as helping out in Defendant's store locations lifting, stocking, rearranging store shelves, and installing batteries for customers.

37. As a Retail Parts Pro Plaintiff Badillo's duties consisted of: organizing shelves; rearranging whole stores to match Defendant's planograms (official store layouts); lifting and stocking heavy auto parts and merchandise including batteries, engine parts, transmissions, and cases of oil weighing up to 100 pounds; changing customer batteries; and ordering auto parts for customers.

38. As Closing Manager, Plaintiff Badillo's duties consist of installing batteries for customers, lifting and stocking auto parts and merchandise, attending to customers as well as helping to close down and secure the store.

39. In each and every of these roles, each Plaintiff spent at least 25% of the time performing physical tasks that qualify them as Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

## RULE 23 CLASS ACTION ALLEGATIONS

40. The Proposed Class is defined as:

> All Employees working in Advance Auto Part Stores in the State of New York between the date six years preceding the filing of this complaint and the date a class is certified in this action.

41. The members of the Proposed Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

42. There are more than 100 members and Plaintiffs' claims are typical of those

other members, in that any one would seek the same discovery, make the same legal arguments, and rely on the same factual record for summary judgment.

43. Plaintiffs and the Proposed Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendant's common policies, practices, and patterns of conduct.

44. Defendant's corporate-wide policies and practices affected everyone who worked in every store in the same way.

45. Plaintiffs are able to fairly and adequately protect the interests of the Proposed Class and have no interests antagonistic to it.

46. Indeed, Plaintiffs have been champions of employee rights, and fairness and equity in the workplace, fighting for their own rights and those of their colleagues.

47. Plaintiffs directly advocated for other workers, including on behalf of a worker, a military veteran, who was being paid between paid less than $15 per hour despite being designated as a "key holder" with increased responsibility and duties, which Jonas believed to be a violation of New York State's minimum wage laws. Jonas approached the coworker directly and told him that Defendants were required to pay him at least $15 and did not stop until confirming that Defendants had raised that coworkers pay to at least $15 per hour. Jonas also raised the issue of employees being required to change customer batteries, suggesting that employees should not be required to perform this task, or should at least be properly compensated for doing so.

48. Plaintiff Jonas as noted above advocated for weekly pay, among other rights.

49. Plaintiff also repeatedly advocated for higher pay for himself and others. Plaintiff Jonas and another of Defendant's employees had worked together at a different auto parts store. Plaintiff Jonas was promised $16.50 per hour when he was hired by Mohammad,

7

the local district manager. Defendant was instead paid $15.50 for almost two years while his former coworker, who had a similar level of experience, was being paid $16.50 immediately upon being hired Despite repeated protests and being promised $16.50, Plaintiff Jonas' pay was not raised for almost two years. Plaintiff Jonas worked at the Bedford Avenue location for approximately one year from March 2018 until March 2019. In March 2019, Plaintiff Jonas was moved to the Defendant's Nostrand Avenue location at 3720 Nostrand Ave., Brooklyn, NY 11235.

50. Plaintiffs are represented by attorneys who are experienced and competent to bring this action.

51. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

52. Common questions of law and fact exist as to the Proposed Class that predominate over any questions only affecting Plaintiffs and/or each member of the New York Class individually and include, but are not limited to, the following:

    a. What job duties are performed by Advance Auto Parts' team members, key holders, drivers, retail parts pros/retail managers, commercial managers, closing managers, and assistant managers.

### AS AND FOR A CAUSE OF ACTION

**New York Labor Law – Failure to Pay Timely Wages**
**(Brought on behalf of Plaintiffs and Proposed Class)**

53. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiffs and the Proposed Class.

54. Defendant failed to pay Plaintiffs and Proposed Class on a timely basis as required by NYLL § 191(1)(a), which resulted in an underpayment.

55. Manual Workers, as contemplated by NYLL § 191, are "dependent upon their wages for sustenance." People v. Vetri, 309 N.Y. 401, 405 (1955).

56. All of Advance Auto Parts' store-based employees except Store Managers are Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

57. As such, the failure to provide wages owed to Plaintiffs and all others similarly situated Manual Workers, according to NYLL § 191, constitutes an "especially acute injury." See Caul v. Petco Animal Supplies, Inc., No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing Vega v. CM & Associates. Contr. Mgmt., LLC, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019)).

58. Defendant's conduct also constitutes an "injury in fact" suffered by Plaintiffs under Article III that is within the federal judicial power because Plaintiffs have "suffered an injury in fact that is concrete, particularized, and actual or imminent." See Caul v. Petco (infra).

59. Due to Defendant's violations of the NYLL, Plaintiffs and the New York Class are entitled to recover from Defendant the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal

      Rules of Civil Procedure

B.  Designation of Plaintiff Jonas as representative of the New York Rule 23 Class and counsel of record as Class Counsel;

C.  Liquidated damages permitted by law pursuant to the NYLL.

D.  Prejudgment and post-judgment interest;

E.  Reasonable attorneys' fees and costs of the action;

F.  Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Pursuant to FRCP 38 Plaintiff demands trial by jury on all issues.

Dated: New York, New York
      June 6, 2022

**LAW OFFICE OF MOHAMMED GANGAT**

By: _/s/ Mohammed Gangat_
Mohammed Gangat, Esq.
675 Third Avenue
Suite 1810
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiff and
Rule 23 Proposed Class*